IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTIN J.
MERRYFIELD,

                    Plaintiff,

          v.                      CASE NO.  09-3130-SAC

CORY TURNER,
et al.,

                    Defendants.

MEMORANDUM AND ORDER

     This civil rights complaint was filed pursuant to 42 U.S.C. §
1985 by a person committed to the Kansas Sexual Predator Treatment
Program, Larned, Kansas (KSPTP).  Plaintiff has also filed a Motion
to Proceed in forma pauperis (Doc. 2), a Motion to Appoint Counsel
(Doc. 3), and a Motion for Temporary Restraining Order (Doc. 4).
The named defendants are Cory Turner, "Acting Administrative Program
Director,(KSPTP)"; Brenda Hagerman, "Lawyer for Larned State
Hospital and the (KSPTP)"; and John House and John Badger, Lawyers
"for Kansas Social and Rehabilitation Services (SRS)".  Having
considered the materials filed, the court finds as follows.

     As the factual basis for his complaint, plaintiff alleges that
he submitted a grievance to "Don Jordan the Secretary of SRS."  He
further alleges that shortly thereafter the grievance policy at the
facility changed, and he received his grievance back from Jordan
with a copy of an e-mail enclosed "between the Defendant(s) stating
they were going to ensure the Plaintiff was unable to send another
grievance" to the SRS Secretary.  Plaintiff generally alleges "this
conspiracy" has "taken away several of his constitutional rights".

He specifies his "Right to Petition the Government for Redress of Grievances without reprisal or retaliation" and his right of access to the courts, both under the First Amendment.  He claims that without "being able to exhaust administrative remedies" he is unable to seek relief from the court.  He also contends defendants have violated his right to a proper grievance system "under K.S.A. 59-29a22 and K.S.A. 39-1433".

The relief requested by plaintiff is (1) the termination of the defendants' state employment, (2) disbarment of the defendants who are members of "the Bar Association," and (3) that defendants be required to "register with appropriate legal authorities due to the abuse of a patient who is civilly confined."

Plaintiff asserts jurisdiction under 28 U.S.C. § 1343(3), 42 U.S.C. § 1985, and Article 3 of the United States Constitution[1].  Of these three, the only jurisdiction-conferring statute is § 1343.  Jurisdiction over violations of 42 U.S.C. § 1985 is provided by 28 U.S.C. § 1343[2].  42 U.S.C. § 1985(3) provides:

---

[1]     Article 3 of the United States Constitution merely "provides the outer limits of the federal court's jurisdiction, and vests in Congress the power to determine what the extent of the lower courts' jurisdiction will be." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, (11th Cir. 2001).  Jurisdiction must be based on a federal statute in which Congress has conferred jurisdiction.  Plaintiff correctly cites 28 USC § 1343, which provides original jurisdiction over any civil action authorized to be commenced by any person, including those brought pursuant to 42 USC §§ 1983 and 1985.  His citation to Article 3 does not provide another source of jurisdiction.

[2]     § 1343(a)(1) provides:

(a) The district a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42 . . . .

Id.

Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In short, plaintiff is asserting that defendants engaged in a conspiracy to violate his civil rights.

To establish a violation of § 1985(3), a plaintiff must allege and prove a conspiracy for the purpose of depriving him of the equal protection of the laws or of equal privileges and immunities under the laws. United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983). He must also show an act in furtherance of the conspiracy which causes injury or deprives a person of a right or privilege of citizenship. Id. at 829. In addition, the United States Supreme Court has stated that a violation of § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. at 834 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). The

Tenth Circuit thoroughly discussed the essential elements for a claim under § 1985(3) as follows:

> The case law has defined the elements of a claim under this statute. The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. Griffin, 403 U.S. at 102-03, 91 S.Ct. at 1798-99 (1971). The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, § 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin, 403 U.S. at 101-02, 91 S.Ct. at 1798. The other "class-based animus" language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 837, 103 S.Ct. 3352, 3360, 77 L.Ed.2d 1049 (1983). In fact, the Supreme Court has held that "it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause." Id. at 836, 103 S.Ct. at 3360.

Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993), cert. denied, 510 U.S. 1093 (1994).

Plaintiff's allegations and his exhibits fall far short of presenting the essential elements of a § 1985(3) claim. He makes the conclusory claim of a conspiracy, but has pleaded no facts indicating a conspiracy by the defendants or any act in furtherance of such a conspiracy[3]. Nor has he alleged that defendants were motivated by a racial or class-based discriminatory animus. The e-mail attached to plaintiff's complaint, which he describes as showing defendants conspired to ensure he could not send another

---

[3]    The Tenth Circuit has held it appropriate for a district court to dismiss a conspiracy claim if the plaintiff fails to "allege specific facts showing agreement and concerted action among defendants." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

grievance to the Secretary of the SRS, contains no proof of such a conspiracy or any improper motive on the part of defendants. Instead, it simply describes a procedure whereby the final authority for certain grievances is someone other than the SRS Secretary. The court finds that plaintiff fails to state a claim under § 1985(3).

Plaintiff's allegations of a denial of access to the courts also fail for lack of adequate factual support. Mr. Merryfield has previously been informed by this court that to state a claim of denial of access he must allege an actual injury[4]. His attachment "Case List", in which he lists numerous cases he has filed in state and federal courts and their dismissals on various grounds[5], does not show he has suffered injury from denial of court access in any those cases. On the contrary, the sheer number of cases he has managed to file is clear proof that he has been afforded access to the courts. As plaintiff was previously informed, he has no free-standing right to a law library. Instead, he has a right of access to the courts, which his exhibits and allegations plainly indicate has not been denied.

Plaintiff's claim that he is being denied access by the change in administrative policy removing the agency head as final

---

[4]    It is well-established that a confined person has a constitutional right of access to the courts. However, to state a claim of denial of that right, the plaintiff must allege something more than that the facility's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). Plaintiff has not alleged facts showing actual prejudice to any of his cases, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim was dismissed, frustrated or impeded by the alleged inadequate access to legal materials. Id. at 350, 353.

[5]    Plaintiff's summary of his filings does not establish that any unfavorable action in any of his cases resulted from insufficient access to a law library or writing or legal materials.

authority likewise fails to state a claim. Plaintiff does not describe a single lawsuit that was dismissed because he was prevented from presenting a grievance to the Director of the SRS. Moreover, a litigant is not prevented from accessing courts by a failure to exhaust administrative remedies that are not available.

In any event, even if plaintiff had alleged facts showing a conspiracy or denial of access, the only relief he seeks is not a remedy for either of these claims. Nor is it the type of relief this court has authority to provide. The remedies available in federal court do not include the firing of state employees or disbarring of state attorneys. There may be state administrative procedures for those actions, but they are not within the jurisdiction of this court.

Finally, the court notes that, as Mr. Merryfield has previously been informed in prior cases, alleged violations of state statutes do not state a claim of federal constitutional violation.

For all the foregoing reasons, the court finds plaintiff is not entitled to the relief he seeks and fails to state sufficient facts to support a federal constitutional violation that would entitle him to other relief in federal court. Plaintiff is given the opportunity to show cause why this action should not be dismissed for the reasons stated herein. If he does not show good cause in the time provided, this action may be dismissed without further notice. Plaintiff's response shall be labeled "Response", shall not exceed 10 pages, and need not include exhibits or legal authority. Plaintiff is not to seek discovery until he has cured the deficiencies in his complaint.

The court has considered plaintiff's motions and finds they do

not contain sufficient factual or legal grounds showing he is entitled to either a restraining order or appointment of counsel at this juncture.

The court comments that considering Mr. Merryfield's list of cases and his descriptions of their claims and dispositions, it is apparent that he should be utilizing the forms provided by courts for filing civil rights and habeas actions, as he has been previously directed. He may obtain the forms without charge for filing the most common types of cases in federal court upon request to the clerk of this court.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) and Motion for Temporary Restraining Order (Doc. 4) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 17th day of July, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

7