## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DUSTIN J.
MERRYFIELD,

                    Plaintiff,

          v.                         CASE NO. 09-3130-SAC

CORY TURNER,
et al.,

                    Defendants.

## O R D E R

On July 17, 2009, this court entered a Memorandum and Order describing deficiencies in the complaint filed herein by plaintiff, who proceeds in forma pauperis. In short, the court found that plaintiff was not entitled to the relief he requests and failed to allege sufficient facts to support a federal constitutional violation. Plaintiff was given the opportunity to show cause why this action should not be dismissed for the reasons stated in the court's Memorandum and Order. Plaintiff filed a Response, and several more motions. Having considered all the materials in the file, the court finds as follows.

In his Response (Doc. 11), plaintiff provides his own definition of a conspiracy and argues that in this case the defendants "got together and participated directly or allowed the (illegal) act to occur." He reargues his claim that an e-mail exhibited by him is evidence of defendants' illegal act and a conspiracy. As the court previously found, the act plaintiff claims is illegal is a apparent change in policy regarding the final step in the administrative grievance process at the Sexual Predator

Treatment Program at Larned State Hospital, where plaintiff is confined. He now adds allegations that each defendant is normally involved in policy changes and thus had direct involvement in the policy's promulgation, and that each took an oath to uphold the law. The court finds that plaintiff's new allegations in support of his conspiracy claim do not cure all the deficiencies found in the complaint. He still describes no "invidiously discriminatory animus" behind the alleged conspirators' actions.

Plaintiff claims the change in policy "takes away (his) Constitutional rights." As support for this claim, he alleges that "a prisoner", "a mentally ill individual", and persons with substance abuse problems are "allowed to have (their) grievance heard by the agency head in accordance with the United States Constitution", and that the complained-of change in policy "took this right away" from plaintiff. He further alleges that he is a member of a class of "Sexually Violent Predators" who are now being discriminated against in that they are denied the right to have their grievances heard by the agency head.

These allegations by plaintiff appear to be an attempt to claim a denial of equal protection. However, he does not allege facts to establish the essential elements of an equal protection claim. See Rider v. Werholtz, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996)). "Equal protection is essentially a direction that all persons similarly situated should be treated alike." Grace United Methodist Church v. City of Cheyenne, 427 F.3d 775, 792 (10th Cir. 2005). Plaintiff fails to show he is a member of a "suspect classification", or that he is being treated differently from other persons who are actually

similarly-situated to him.  Instead, he admits he is a member of a class of SVPs, and indicates they are all being treated alike. Plaintiff is not similarly-situated with prison inmates and persons committed due only to mental illness.  It follows that he fails to state a claim of denial of equal protection under the Fourteenth Amendment.  Fogle v. Pierson, 435 F.3d 1252, 1261 (10th Cir. 2006), cert. denied, 549 U.S. 1059 (2006); Barney v. Pulsipher, 143 F.3d 1299, 1312 (10th Cir. 1998).

Plaintiff repeats that he must exhaust administrative remedies before being allowed to seek judicial relief.  He lists several prior cases he apparently filed in state district courts and alleges they were "dismissed due to a lack of exhaustion".  While these allegations confirm he has been required to exhaust administrative remedies, he does not show that his failure to exhaust in any of the listed cases resulted because he was prevented by the new policy from having a grievance heard by the SRS Director.  Nor does he show that he asked a state court to excuse his failure to exhaust in any of these cases due to the unavailability of administrative remedies. The court finds plaintiff still presents no facts showing either that the alleged new policy is unconstitutional, or that the policy itself has actually resulted in denial of his access to the courts[1]. Furthermore, plaintiff is simply incorrect that he has a federal

---

[1]    The court is not convinced otherwise by plaintiff's conclusory statements that not having his grievances heard by the Secretary destroys "judicial and administrative autonomy", prevents his grievances from being heard by "the proper party", and that no one else has the power or authority to make a change.  His own allegations indicate several of the defendants "are tasked with" policy-making.  Nor do his allegations that "due to recent decisions by the Kansas Court of Appeals" he is "only allowed to name the Secretary of SRS" as a defendant "in any lawsuit concerning a violation of his rights" establish that he is being denied access by a new policy removing the SRS Secretary as the final step in the administrative grievance process at the SPTP.

constitutional right to any particular administrative grievance process, or even to an appeal of the denial of an administrative grievance.

Plaintiff also has not cured the deficiency in his complaint of not having provided factual support for his distinct claim of denial of access due to his alleged lack of sufficient time in an adequate law library. Plaintiff disagrees with this court's finding that his having filed numerous actions in many courts undermines this claim of denial of access. He argues that he has shown injury because "none of these were meaningful and were not heard on the merits." He also states that 90 percent of his cases are "dismissed due to a technicality" that would have been avoidable if a trained legal assistant were provided or he had sufficient access to an adequate law library. These allegations are completely conclusory. Mr. Merryfield is no stranger to this court, with his refusal to utilize court forms and to follow instructions in court orders as well as his repetitive claims and numerous legal citations. He does not provide reasons given by any judge, including a particular technicality, for the dismissal of even a single non-frivolous case and show that dismissal was due solely to plaintiff's lack of a legal assistant or more time in the law library. The court concludes that plaintiff alleges insufficient facts showing actual injury to support his claim of denial of access.

Finally, the court notes that despite finding in its prior Memorandum and Order that plaintiff was not entitled to the specific relief he requested, he fails in his Response to request any relief to which he might be entitled. It is clear that plaintiff has not cured all the deficiencies in his complaint found by the court and

set forth in its prior Memorandum and Order. The court concludes that, for the reasons stated herein and in its Memorandum and Order dated July 17, 2009, this action must be dismissed on account of plaintiff's failure to state facts sufficient to support a federal constitutional claim.

As a result of the court's dismissal of this action, all motions now pending before the court in this matter are denied as moot. Plaintiff has not properly sought and has not been granted leave to seal any documents submitted in this action.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state facts sufficient to support a federal constitutional claim.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 6, 7, 8, 9, and 10) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff is not assessed a partial or the full filing fee in this case.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2010, at Topeka, Kansas.




<u>s/Sam A. Crow</u>
U. S. Senior District Judge